CASE 6.—ACTION BY SALLIE E. WALKER, AND BY THE
STATE BANK & TRUST COMPANY OF RICHMOND,
KY., AGAINST HIRAM SHEARER'S ADMINISTRA‧
TRIX.—May 19, 1909.

## Walker v. Shearer's Admx.
## State Bank & Trust Co. v. Same

Appeal from Estill Circuit Court.

J. P. ADAMS, Circuit Judge.

Judgment for defendant, plaintiffs appeal.—Affirmed.

Execution—Judgment—Nature and Form.—Where creditors sue
to set aside the debtor's conveyance of land as fraudulent,
and levy attachments on the land, and before the hearing
the debtor dies, and the court declares the conveyance void,
and sustains the attachments, and appoints commissioners
to set aside a part of the land for the dower of the debtor's
widow, a judgment directing the sale of the remainder to
satisfy the creditors' judgments, which does not direct that,
if such portion is insufficient to pay the judgments, the land
set aside for dower shall be sold subject to the dower, is a
proper judgment, as directing the sale of the land set aside
for dower, subject to the dower interest, at the time the other
was directed to be sold, might result in a sacrifice of the in-
terest of the infant heirs, and, if the land ordered sold is not
sufficient to satisfy the judgment, a subsequent order may be
entered to sell the land set apart for the widow, subject to
her life interest.

J. A. SULLIVAN and S. M. WALLACE for appellants.

J. B. WHITE and HAZELRIGG & HAZELRIGG for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

On the 13th day of October, 1902, Hiram Shearer
and wife conveyed to their children a tract of land
containing 232 acres, for the recited consideration of

love and affection. At the time of this conveyance Shearer was indebted to the two appellants in something over $2,000. Appellants immediately brought this action to set aside the conveyance, alleging that it was made in fraud of their rights, and had attachments levied on the land. They succeeded in having the deed declared void and in having their attachments sustained. The wife who signed the conveyance died, and Shearer married again. At the term of the court at which the deed was declared void and the attachments sustained, the court directed a sale of the land under the belief that Shearer's widow, he having died before that date, consented thereto. It afterwards developed that this was error, and the court set the sale aside and directed that dower or homestead, whichever was to the interest of the widow, be set apart to her, and commissioners were appointed for that purpose. They determined that it would be to the best interest of the widow to give her dower, as a third of the land was valued at more that $1,000. They gave her the house and 30 acres of land, leaving 202 acres subject to sale for the satisfaction of appellants' judgments. Appellants filed exceptions to the report of the commissioners, stating in substance that the widow's dower could not be set apart without materially impairing the value of the whole, and that, owing to the situation of the land and the allotment of dower as reported by the commissioners, the salable value of the 202 acres set apart for the purpose of paying their judgments was destroyed. On hearing the exceptions, each side introduced three or four witnesses, and the court arrived at the conclusion that the allotment of dower was fair and equitable, overruled the exceptions, and directed the commissioners to sell the 202 acres to

satisfy appellants' judgments. They then asked the court to direct the commissioners, in the event the 202 acres did not sell for enough to pay their judgments, to then sell that part of the land allotted to the widow as dower, subject to her life estate. This the court refused to do.

We are of the opinion that the court did not err in this. It was impossible to know at the time whether the 202 acres would sell for enough to pay the judgment or not, or as to how near it would come to satisfying them. Such proceeding might have sacrificed the infants' interests in that part of the land set apart as dower. The 202 acres might have brought within a few dollars of enough to pay the judgments, and the balance could have been paid without sacrificing the interests of the infants. The testimony as to the allotment of dower is very conflicting, and we are not willing to disturb the action of the commissioners with respect thereto. Their action was approved by the lower court, who heard the testimony, and who probably knew the witnesses. If part of the judgments remain unpaid after the sale of the 202 acres, the court may then sell the land covered by the dower interest, subject, however, to the widow's life estate.

For these reasons, the judgment of the lower court is affirmed.