CHESAPEAKE & OHIO RAILWAY CO. *v.* KUHN.

Nos. 34 and 35. Argued October 23, 1931.—Decided November 23, 1931.

*Mr. Henry Bannon,* with whom *Mr. David H. Leake* was on the brief, for petitioner.

*Mr. Homer H. Marshman,* with whom *Messrs. David F. Anderson* and *George D. Nye* were on the brief, for respondent.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

While employed in interstate commerce as a section hand by petitioner, an interstate carrier, (Acts April 22, 1908, 35 Stat. 65; April 5, 1910, c. 143, 36 Stat. 291; U. S. Code, Title 45, c. 2,) William Kuhn suffers serious injury. Thereafter he sued the Company for damages in the Court of Common Pleas, Pike County, Ohio. He alleged that the accident resulted from its negligence in the following matters—Ordering him to use a defective sledge hammer and chisel; failing to promulgate and enforce proper rules concerning the upkeep of tools ordinarily used, to furnish guards or goggles for workmen's eyes, to provide a reasonably safe place for him to work.

The Company denied negligence. It also set up in defense that the plaintiff voluntarily assumed the risk incident to his employment. At the trial it duly, but unsuccessfully, requested a directed verdict because of such assumption.

The jury returned a verdict for the respondent. Judgment upon this was affirmed by the Court of Appeals; the Supreme Court denied a review. This Court allowed writs of certiorari both to the Supreme Court (No. 34),

and the Court of Appeals (No. 35). The cause is properly here on the latter writ. Number 34 will be dismissed.

On the day of the accident, February 9, 1926, William Kuhn, an experienced section hand 54 years old, was engaged with others in repairing a side track leading from petitioner's main line to a steam shovel. It became necessary to remove two steel rails and shorten them some six or eight inches. They were first laid on the ground and then cut with a cold chisel. One man held the chisel while respondent and two others, acting in turn, struck it with a heavy hammer. None of them wore goggles; none asked for goggles or objected to the method of operation. The first rail had been severed; work had begun on the second. While respondent was standing by, awaiting his turn to strike, a steel chip from the chisel or rail struck and destroyed his eye. On other occasions he had assisted in cutting steel rails when goggles were used, and he knew chips would fly during such an operation. " That was the value of goggles," he testified. He understood the dangers incident to the undertaking. The job was a hurry-up one. The assistant foreman in charge had told the men " to gang up and go in a hurry, that he wanted to get through there." " Don't be afraid."

We think the evidence clearly discloses that Kuhn's injury resulted from the ordinary hazards of his employment, which he fully understood, and voluntarily assumed. There was no complaint, no promise by his superior to mitigate the obvious dangers. The trial judge should have directed a verdict for the Railway Company.

In cases like this, where damages are claimed under the Federal Employers' Liability Act, defense of the assumption of the risk is permissible, and where the undisputed evidence clearly shows such assumption, the trial judge should direct a verdict for the defendant. Moreover, in proceedings under that Act, wherever brought, the rights and obligations of the parties depend upon it

and applicable principles of common law as interpreted and applied in the federal courts. *Seaboard Air Line* v. *Horton*, 233 U. S. 492, 508; *Chesapeake & Ohio Ry. Co.* v. *De Atley*, 241 U. S. 310; *Boldt* v. *Pennsylvania R. Co.*, 245 U. S. 441, 445; *New Orleans & N. E. R. Co.* v. *Harris*, 247 U. S. 367, 371; *Chicago, Milwaukee & St. Paul Ry. Co.* v. *Coogan*, 271 U. S. 472, 474.

The Court of Appeals acted upon the erroneous theory that it should follow the views of the Supreme Court of the State rather than those of this Court in respect of questions arising under the Liability Act. That statute, as interpreted by this Court, is the supreme law to be applied by all courts, federal and state. *Second Employers' Liability Cases*, 223 U. S. 1, 57, 58. Where this view is not accepted, as in the present cause, it is within the power of this Court to determine and apply the proper remedy.

The judgment below is reversed. The cause will be remanded for further proceedings not inconsistent with this opinion.

*Reversed.*