## Louisville & N. R. Co. *v.* Russell.

(Division B. Nov. 21, 1932.)

[144 So. 478. No. 30211.]

**Smith & Johnson,** of Mobile, Alabama, for appellant.

**Emile Gex,** of Bay St. Louis, for appellant.

532

**Gex & Gex,** of Bay St. Louis, for appellee.

Argued orally by **Emilie J. Gex**, for the appellant, and **Gex & Gex**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

Charley Russell brought suit against the appellant, the Louisville & N. R. Co., under the Federal Employers' Liability Act (45 U. S. C. A., sections 51-59), for an injury to his eye received while engaged as a section hand upon a section of the railroad company. The defendant, railroad company, pleaded the general issue, and gave notice thereunder of evidence to show that the plaintiff, Russell, assumed the risk of his employment, and that, by reason of the assumption of risk, there was no liability for his said injury.

In testifying, Charley Russell stated, in effect, that he had been employed in railroad service for many years, and was familiar with the work in which he was engaged; that, at the time of the injury, he was tamping slag and gravel under the railroad ties, and that it was safe to strike this slag and gravel slowly and dangerous to strike it rapidly and with force; and that, while so working, the boss or assistant section foreman, in company with two others, came up to where he was working, tamping slag and gravel as aforesaid, and the foreman said, "Drive it under there, God damn, you are not driving it, raise it up," and he (Russell) commenced to hurry, and a piece of slag or gravel struck him in the eye inflicting the injury complained of. He further testified that he was thoroughly familiar with the way the work should be done, and that it was unsafe to do the work hurriedly, but that he sped up and did it hurriedly because it meant that, if he did not do so, he would lose his position with the railroad company. In effect, he testified that he knew as much about the risk of the employment, and the danger of doing the work improperly, as any one else, and that he knew it as well, or better, than his foreman.

There is dispute as to whether the person he testified was his boss, or assistant section foreman, was, in fact, engaged in such capacity at that time; but, in view of the case we have, it will be unnecessary to set forth these various contentions.

The defendant, the railroad company, at the conclusion of the evidence, requested a peremptory instruction, and also two instructions to the general effect that, if the jury were reasonably satisfied from the evidence that the plaintiff knew and appreciated the danger incident to obeying the order which he claimed he received from Roger Bordages, the alleged foreman, the jury should find for the defendant; and to the effect that, if

the plaintiff knew and fully appreciated the danger incident to doing the work in the manner he was doing it at the time he was injured, the jury should find for the defendant.

The rights of the parties, of course, are controlled by the Federal Employers' Liability Act (45 U. S. C. A., sections 51-59) as construed by the Federal Supreme Court.

Under the decisions of the Federal Supreme Court, as we understand them, the employees assume all the ordinary risks incident to their employment, and, if, after assuming such risk, any employee does the work in a manner that he knows to be dangerous, he assumes the risk incident to doing that particular piece of work in that manner, and the company is not liable for an injury inflicted.

In Chesapeake & Ohio Ry. Co. v. Wm. Kuhn, 284 U. S. 44, 52 S. Ct. 45, 76 L. Ed. 157, October, 1931, it was held that "an experienced railroad section hand who knew that chips would fly in cutting a steel rail with a cold chisel, and participated in such an operation without asking for goggles or objecting to the method of operation, as a matter of law assumed the risk of injury to his eye by a flying chip." In the course of the opinion in this case, the court said: "In cases like this, where damages are claimed under the Federal Employers' Liability Act (45 U. S. C. A., sections 51-59), defense of the assumption of the risk is permissible and where the undisputed evidence clearly shows such assumption the trial judge should direct a verdict for the defendant. Moreover, in proceedings under that act, wherever brought, the rights and obligations of the parties depend upon it and applicable principles of common law as interpreted and applied in the Federal courts. Seaboard Air Line R. v. Horton, 233 U. S. 492, 508, 34 S. Ct. 635, 58 L. Ed. 1062, 1071, L. R. A. 1915C, 1, Ann. Cas.

1915B, 475 [8 N. C. C. A. 834]; C & O. R. Co. v. DeAtley, 241 U. S. 310, 36 S. Ct. 564, 60 L. Ed. 1016; Boldt v. Penn. R. Co., 245 U. S. 441, 445, 38 S. Ct. 139, 62 L. Ed. 385, 389 [19 N. C. C. A. 461]; N. O. & N. E. R. R. Co. v. Harris, 247 U. S. 367, 371, 38 S. Ct. 535, 62 L. Ed. 1167; Chicago, M. & St. P. R. Co. v. Coogan, 271 U. S. 472, 474, 46 S. Ct. 564, 70 L. Ed. 1041."

We held, in this court, in the case of Mobile & Ohio R. R. Co. v. Clay, 156 Miss. 463, 125 So. 819, to the same effect, following the Federal adjudications upon the subject.

Under these cases and the authorities cited therein, the defendant, railroad company, upon the record before us, was entitled to a directed verdict.

It is true that it is a hard case, where a laborer must choose between unemployment and risk of injury; but under the decisions of the United States Supreme Court, as we understand them, where an employee knows of the danger, and there is no promise to remedy such danger upon which he relies, and he continues in the employment, he assumes the risk by doing so, and, consequently, he is not entitled to recover for an injury under the circumstances.

Under the decisions above quoted, it was the clear duty of the court, when the situation developed that the knowledge of the employee was undisputed, and that he continued in the work voluntarily, to have granted a peremptory instruction for the defendant.

It follows from these views that the judgment of the court below must be reversed and judgment rendered here for the appellant.

Reversed and rendered.