## LEHIGH VALLEY R. CO. v. HATMAKER.
### No. 5237.

Circuit Court of Appeals, Third Circuit.

Feb. 21, 1934.

Evan C. Jones and John C. Phillips, both of Wilkes-Barre, Pa., for appellant.

Abram Salsburg, of Wilkes-Barre, Pa., and Sydelle B. Hyman, of Pittston, Pa., for appellee.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a judgment of the District Court for the Middle District of Pennsylvania. The plaintiff, claiming under the Federal Employers' Liability Act (45 US CA § 51 et seq.), brought suit in trespass to recover damages for personal injuries. He was employed as a switchman by the defendant, the Lehigh Valley Railroad Company. The facts, construed most favorably to the plaintiff and apparently accepted by the jury, are as follows: Prior to the accident which gave rise to this suit, he had worked at the same location for forty-six days. The switch, at which the accident occurred, was of the ball-throw type and was erected on two switch ties which extended about twenty-five inches beyond the rail. There was a space twenty-four inches deep below the projecting ends of the ties in which he usually stood to operate the switch. On the day in question, when he went to the switch for the purpose of throwing it, he found that water and leaves had collected below the ties to a depth of six or eight inches in that space. He therefore stood on the top of the ties. From this position he threw the switch to let a helper engine in on a spur track, again to let a passenger train pass, and a third time to let the helper engine return to the main track. When he was closing the switch, after this last operation, he slipped and fell, injuring his left knee.

At the close of the plaintiff's case, the defendant moved for a compulsory nonsuit, which was denied. Its request for a directed verdict was likewise denied. The jury returned a verdict for the plaintiff.

One of the defenses relied upon in the court below and on appeal is that the plaintiff was barred from recovery because he had assumed the risk. We think the record sustains this defense. The plaintiff's attempt to explain the cause of his slipping is shown by the following excerpt from his testimony:

"Q. What did you slip on? A. I slipped on them ties. I stood on them ties and I slipped and, of course, naturally, the ties were a little frosty in the morning. * * *

"Q. What caused you to slip? A. I just told you as plain as I could tell you.

"Q. Was it frost on the ties? A. Naturally frost at that time of the year. And also, you take ties that way, there is more or less grease and oil, also dragged on those ties.

"Q. You knew all that when you went to stand on it? A. I slipped—that caused me to slip and fall.

"Q. It was, perhaps, a little oil and grease and perhaps some frost on the ties that caused you to slip. What did cause you to slip, if you know? A. I slipped on them ties.

"Q. What was on the ties that made them slippery? A. As I say, I don't know unless the dirt that accumulated, and being frosty that time of the year in November, it would be frosty about 9 o'clock in the morning, especially up on the mountain. * * *

"Q. And could you see the frost on the ties? A. Oh, there wasn't that much frost—it would take very little—I couldn't tell you what made me slip only, probably, as I said before, probably the frost did it and a little dirt accumulated—oil and stuff, that I would drag up there with my shoes—that is the only way that I could account for it. But I know I slipped and fell."

It is thus shown that the plaintiff knew of the presence of frost upon the ties and that he himself might have tracked dirt, grease,

and oil upon them. Any one of these conditions might have caused him to slip and, when he took his stand on the ties, he assumed that risk. He contends, however, that he had no recourse except to take the risk of this hazardous position because of his knowledge of the accumulation of water and leaves in the depression where he usually stood. Although the plaintiff, according to his own testimony, knew of the alleged defective condition of the ground below the ties and of the depression which existed there, he failed to report that condition, and thus gave the defendant no opportunity to provide a safe place for him to work. When he found that water and leaves had collected in the depression, he voluntarily elected to stand upon the ties. The risk of such a position was obvious to the plaintiff and one of which he should have been aware before the occurrence of the accident.

In Northwestern Pacific Railroad Company v. Bobo, Adm'x, 54 S. Ct. 263, 265, 78 L. Ed. ——, opinion handed down January 8, 1934, the Supreme Court held that the decedent, a bridge tender, had assumed the risk of working on a bridge which had to be reached by means of steps which were not properly protected by guard rails and which were so uneven that they sloped and permitted water to collect in depressions. The court there said:

"The deceased had gone up and down these open stairs very many times from August to February. He had a proper lantern by the light of which he could easily see the alleged defects. He must have been aware that moisture frequently accumulated. Also often during the summer and early autumn there was adequate sunlight before 5 o'clock a. m. to disclose the real conditions. No suggestion is made of any complaint to the company concerning the stairs or platform.

"We think the record discloses enough to show that the decedent assumed any alleged risk. Seaboard Air Line Ry. Co. v. Horton, 233 U. S. 492, 34 S. Ct. 635, 58 L. Ed. 1062, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475; New Orleans & N. E. R. R. Co. v. Harris, 247 U. S. 367, 371, 38 S. Ct. 535, 62 L. Ed. 1167; Chesapeake & Ohio Ry. Co. v. Kuhn, 284 U. S. 44, 46, 47, 52 S. Ct. 45, 76 L. Ed. 157."

We think the trial court in the instant case was in error when it refused to direct a verdict for the defendant. In view of this conclusion, we do not deem it necessary to discuss the remaining assignments of error.

The judgment is reversed and a new trial ordered.