[1] This is an action for personal injuries resulting from the explosion of a bottle of Canada Dry Sparkling Water. At the conclusion of plaintiff's evidence the court sustained defendant's motion for a directed verdict, from which plaintiff appealed.
[2] This is the second appeal in this case. Kees v. Canada Dry Ginger Ale, Inc., 239 Mo.App. 1080, 199 S.W.2d 76. On the prior appeal we reviewed the evidence at length and held that a submissible case was not made. Consequently the judgment was reversed and the cause remanded.
[3] Plaintiff concedes that the evidence at the second trial is substantially the same as at the first trial, except the testimony of witness McGuire, which will be considered later. We consider it unnecessary to recite at length the evidence reviewed in our prior opinion, but will make a general statement of the facts which give a broad outline of the case.
[4] Defendant bottled this Sparkling Water, charged with carbonic acid gas, at its plant in North Kansas City, Missouri, and at sometime, not shown by the evidence, shipped the same to the H. P. Lau Company, a wholesaler in Lincoln, Nebraska. How long it remained there is not shown; but on January 28, 1943, the wholesaler delivered a carton of Sparkling Water to the Lovell Food Market, a retailer in Beatrice, Nebraska. The delivery was made by truck, which contained a large amount of other merchandise. The Lovell Market was a semi-self-serving grocery store and a well patronized place of business where customers ordinarily served themselves by procuring a cart and a basket and going thorough the store selecting the articles desired. There were six employees at the store, none of whom testified. The shipment was received at the Lovell Market on January 28 and placed in the store for sale. The bottles were in an open wooden carton with cardboard separating each bottle. The carton was placed on the shelf so that the bottles were in a horizontal position with the necks extending out. About thirty days later, plaintiff purchased two of these bottles, together with many other articles of food, but was not certain whether all the purchases were placed in one bag or in separate bags. She carried the bottles to her home and placed them in a cabinet in the kitchen where they remained for another thirty days. On the evening of March 31, while preparing dinner for guests, she removed one of the bottles from the cabinet and placed it on a table in the kitchen where it remained unopened for approximately four hours, at which time she returned to the kitchen to get the bottle; when she picked it up it exploded with a loud noise, and the glass cut and injured her hands.
[5] At the first trial plaintiff testified about the purchase of the two bottles and the manner in which she handled them thereafter, but stated that she made no particular examination of their condition. Lovell also testified that the carton of bottles *Page 171 
was received at his store in apparently a salable condition, and stated the manner in which the bottles were handled in his store. However, we held that his testimony, that the bottles and the caps thereon were not tampered with while in his store, was improper because he had no personal knowledge of those facts. That testimony was not introduced at the second trial.
[6] Since we held that the evidence was insufficient to make a submissible case on the first trial, that became, and is, the law of the case, unless plaintiff introduced additional testimony at the second trial which will supply the deficiencies. Sheppard v. Travelers Protective Ass'n of America, 233 Mo.App. 602,124 S.W.2d 528, 532.
[7] Plaintiff relies upon the evidence of witness McGuire to supply the missing links. His deposition was taken five years after the accident. He testified that he had no independent recollection of delivering this carton to Lovell's Market, but based his testimony on the fact that he had examined the invoice in the files of the Lau Company shortly before his deposition was taken and found that it bore his signature, and from that fact testified as to the general manner of handling such goods, and that he had delivered the carton to the Lovell Market in good condition. Defendant strenuously objects to the competency of that testimony. However, we need not express an opinion on that question because, on the first appeal, we said, 199 S.W.2d at page 78: "Assuming that the bottle was in a salable condition at the time it arrived at Lovell's store, and that it did not appear, at that time, to have been tampered with, mutilated or changed, nevertheless, the bottle in question could have been mishandled by customers and employees of Lovell in his store between the time it arrived and the time it was purchased by plaintiff, which covered a period of several weeks. * * * It may have been dropped, cracked, tampered with or mishandled by the customers or the employees while it was on the shelf in Lovell's store. * * * Certainly the jury was required to indulge in guess and speculation in finding that between the time that the bottle left the possession of the defendant and when it came into the possession of the plaintiff it was not subjected to any condition that would tend to bring about the explosion resulting in plaintiff's injury. (Citing many cases.) Plaintiff failed to prove facts bringing herself within the res ipsa loquitur doctrine." We also pointed out other conditions which could have caused the explosion for which defendant would not be liable. Therefore, the testimony of McGuire, even if it be considered competent, does not supply the defects of plaintiff's case because McGuire had no knowledge of what happened to the bottle after it was delivered to Lovell.
[8] Plaintiff again ably argues that she is entitled, under the evidence, to the full benefit and aid of the res ipsa loquitur doctrine. She cites many cases in this and other jurisdictions to support that contention. It must be conceded that there are a number of decisions in this state, including our opinion in the Kees case, supra, which discuss suits based on bottle explosions as though they are strictly within the res ipsa loquitur rule. However, the Supreme Court in the very recent case of Maybach v. Falstaff Brewing Corporation, et al., 222 S.W.2d 87, holds that such cases are not strictly res ipsa cases, but are general negligence cases which may be proved by circumstantial evidence. The reason for this distinction is that the instrumentality causing the injury was not at all times under the control or right (and duty) of control of the defendant at the time of the injury. That is one of the basic elements of the res ipsa loquitur doctrine.
[9] However, the fact that a case may not fall within the strict res ipsa rule, does not mean that a plaintiff may not make a submissible case of general negligence by circumstantial evidence. "It is important, in considering the res ipsa loquitur doctrine and its application and effect in given cases, to distinguish that doctrine from the principle that negligence may be established by circumstantial evidence. * * * Rejection of the doctrine of res ipsa loquitur does not mean that negligence *Page 172 
may not be established by circumstantial evidence as well as by direct evidence. * * * Res ipsa loquitur and circumstantial evidence have been distinguished upon the question whether the circumstances proved point merely to the physical cause of the occurrence, without having any tendency to indicate the responsible human agency, or, upon the other hand, have some tendency to indicate some fault of omission or commission upon the part of the defendant. If the former, it is necessary to invoke the rule of res ipsa loquitur, which is applicable to the fact of negligence only, in order to make out a prima facie case of negligence; of the latter, the general principle, which is applicable to all matters of fact, that a fact may be established prima facie by circumstantial evidence, suffices, without invoking the distinctive doctrine of res ipsa loquitur." 38 Am.Jur., pp. 992-3, sec. 297; Elgin v. Kroger Co., 357 Mo. 19,206 S.W.2d 501; Capehardt v. Murta, 165 Mo.App. 55, 145 S.W. 827; Tayer v. York Ice Machinery Corp., 342 Mo. 912, 119 S.W. 240.
[10] In the last cited case the court said, 119 S.W.2d at page 244:
[11] "The res ipsa loquitur rule is a qualification of rather than an exception to the general rule of evidence that negligence must be affirmatively proved in that it relates to the mode rather than the burden of establishing negligence. It springs not from the fact of injury but from the facts attending the occurrence; and in its strict and distinctive sense differs from circumstantial evidence in that it may be said to rest upon the generic circumstances peculiar to the class of physical causes producing the occurrence while circumstantial evidence rests upon specific circumstances peculiar to the individual occurrence."
[12] In the Maybach case, supra, the court, in discussing the distinction between a truly res ipsa loquitur case and a case of general negligence made by circumstantial evidence, states 222 S.W.2d at page 92: "* * * the nature of the evidence will not be different; only the quantity or extent of the evidence will be affected because respondent cannot rely upon the mere proof of the occurrence to raise an inference of negligence on the part of appellant (defendant), but must offer evidence to negative the possibility that the injury may have been due to some cause intervening after appellant (defendant) had parted with control."
[13] The above citations seem to warrant the conclusion that both the res ipsa loquitur rule and the proving of a negligence case by circumstantial evidence, relate to the method or means of proving a prima facie case of negligence; but the circumstantial evidence in a general negligence case must cover a wider field of facts than is necessary in a strictly res ipsa loquitur case.
[14] While there is much diversity of opinion among the courts as to whether the doctrine of res ipsa loquitur applies to a case of a bursting bottle while under the control of another than the manufacturer, the great weight of authority is that, on any theory of liability, plaintiff's evidence must be sufficient to negative the possibility of negligence on the part of all persons through whose hands the bottle passed after leaving the control of the defendant. 4 A.L.R.2d page 467, et seq. There is also a diversity of opinion as to the quantum of evidence necessary to negative negligence on the part of third persons. Each case must be decided upon its own facts. In our prior opinion we held the evidence insufficient to make a submissible case, and, since the additional testimony of witness McGuire does not supply the deficiencies pointed out in that opinion, we see no reason to depart from it.
[15] The judgment should be affirmed. It is so ordered.
[16] All concur. *Page 353