**DICE, Appellant, v. THE AKRON, CANTON & YOUNGSTOWN RD. CO., Appellee.**

Ohio Appeals, Ninth District, Summit County.

No. 4095. Decided June 22, 1950.

Gottwald, Hershey & Hatch, Akron, for appellant.
Wise, Roetzel, Maxon, Kelly & Andress, Akron, for appellee.

## OPINION

By HUNSICKER, J.

This is an appeal on questions of law.

John F. Dice, appellant, herein called Dice, brought an action against The Akron, Canton & Youngstown Railroad Company, appellee, herein called Railroad, to recover for personal injuries arising out of an accident which occurred when a locomotive upon which Dice was working as a fireman, was derailed.

The parties were engaged in interstate commerce, and the action was brought under the provisions of the Federal Employers' Liability Act.

The petition of Dice alleged the essential facts necessary to state a cause of action. The Railroad in its answer admitted that it was a common carrier engaged in interstate commerce, and that Dice, an employee, was injured as a result of the derailment, but specifically denied it was guilty of negligence, and denied the claimed extent and nature of the injuries Dice sustained.

As a second defense to the claims of Dice, the Railroad said it had paid Dice the sum of $924.63 as a full and complete settlement of all claims which he might have against the Railroad. The Railroad also alleged that Dice had executed and given to the Railroad a full and complete written release and satisfaction of all claims and rights of action which he, Dice, might have against the Railroad.

A reply, and later an amended reply, was filed by Dice, in which he stated that: there was no full and complete settlement of his claims against the Railroad; $924.63 was paid to him but not as a full settlement; he tendered the amount of $924.63 to the Railroad, which sum they refused to accept; he signed various papers for the Railroad which, he was informed, were necessary to release the Railroad from claims for loss of work time and medical expenses before he, Dice, could return to work. Dice further denied that he knew that, at the time he executed the purported release, it was a complete release of all claims of every kind and character. Dice further said he believed the representations of the agent for the Railroad that such release was only for wages lost to the date of the signing of such release; that such representation was false and was relied upon by him to his damage.

At the beginning of the trial, counsel for the Railroad sought to have the validity of the release determined by the court as a matter of law, separate and apart from and prior to the determination of any issues of fact. The trial court determined to proceed to try all issues to the jury.

A verdict was returned by the jury in favor of Dice, and, upon a motion for judgment notwithstanding the verdict made by the Railroad, a judgment in favor of the Railroad was entered by the court.

It is from such judgment that this appeal is prosecuted by Dice, who says:

"The trial court committed error prejudicial to the rights of the plaintiff-appellant in sustaining the defendant-appellee's motion for judgment in its favor, notwithstanding the verdict of the jury for the plaintiff-appellant."

The parties, by their briefs and in oral argument of counsel, confine their discussion to the propriety of the trial court's finding, as a matter of law, that the several releases given by Dice, especially the release which was executed in September, 1944, were valid and binding upon Dice.

The instant case was brought pursuant to the provisions of the Federal Employers' Liability Act of 1908, 45 U. S. Code, Section 51, et seq., as amended in 1939.

We are, therefore, required to determine whether, under the provisions of the Federal Employers' Liability Act, the submission of the question of the validity of such a release is a matter for the jury or for the court.

"By the Federal Employers' Liability Act, Congress took possession of the field of employers' liability to employees in interstate transportation by rail; and all state laws upon that subject were superseded. * * * The rights and obligations of the petitioner depend upon that Act and applicable principles of common law as interpreted by the federal courts." Chicago, Milwaukee & St. Paul Ry. Co. v. Coogan, 271 U. S., 472, at p. 474; 70 L. Ed., 1041, at p. 1043, 46 S. Ct., 564.

See, also, Chesapeake & Ohio Ry. Co. v. Kuhn, 284 U. S., 44, at p. 46; 76 L. Ed., 157, at p. 160, 52 S. Ct., 45.

"It is contended that this construction of the complaint is binding on us. The argument is that while state courts are without power to detract from 'substantive rights' granted by Congress in FELA cases, they are free to follow their own rules of 'practice' and 'procedure.' To what extent rules of practice and procedure may themselves dig into 'substantive rights' is a troublesome question at best as is shown in the very case on which respondent relies. Central Vermont R. Co. v. White, 238 U. S. 507 [59 L. Ed. 1433, 35 S. Ct., 865, Ann. Cas.,

1916B, 252, 9 N. C. C. A., 265]. Other cases in this court point up the impossibility of laying down a precise rule to distinguish 'substance' from 'procedure.' Fortunately, we need not attempt to do so. A long series of cases previously decided, from which we see no reason to depart, makes it our duty to construe the allegations of this complaint ourselves in order to determine whether petitioner has been denied a right of trial granted him by Congress. This federal right cannot be defeated by the forms of local practice. See American Ry. Exp. Co. v. Levee, 263 U. S., 19, 21 [68 L. Ed., 140, 143, 44 S. Ct.,11]." Brown v. Western Ry. of Alabama, 338 U. S., at 294, at p. 296, 94 L. Ed., 100, at p. 102; 70 S. Ct., 105.

Many recent cases concerning the more limited phase of the problem before us have been reported by the federal courts. If it ever was the law, as applied to this question before us, that the validity of a release merely voidable, was a question of law to be determined by the court and not an issue of fact to be submitted to the jury, these late cases effectively state that the issue is one of fact for a jury to determine.

In this connection, the recent case of Garrett v. Moore-McCormack Co., (1942), 317 U. S., 239; 87 L. Ed., 239, 63 S. Ct., 246 (a release case founded under the Federal Merchant Marine Act), made a pronouncement on the subject which the Federal Circuit Courts of Appeals were quick to adopt in their applications to similar situations arising under the Federal Employers' Liability Act.

The validity of a release which is relied on as a defense to an action under the federal Employers' Liability Act is a question which is to be determined by federal law. Ricketts v. Pennsylvania Rd. Co., 153 F. (2d), 757, 164 A. L. R., 387 (Second Circuit, 1946); Brown v. Pennsylvania Rd. Co., 158 F. (2d), 795 (Second Circuit, 1947); Thompson v. Camp, 163 F. (2d), 396 (Sixth Circuit, 1947); Irish v. Central Vermont Ry., Inc., 164 F. (2d), 837 (Second Circuit, 1947); Graham v. Atchison, T. & S. F. Ry. Co., 176 F. (2d), 819 (Ninth Circuit, 1949); Chicago & N. W. Ry. Co. v. Curl, 178 F. (2d), 497 (Eighth Circuit, 1950).

The Supreme Court of the United States, so far as we have been able to discover, has not directly passed on the limited question before us in the instant case. That court, however, in the case of Callen v. Pennsylvania Rd. Co., 332 U. S., 625, 92 L. Ed., 242, 68 S. Ct., 296, did say, in a release case, at page 629:

"It is apparent that the jury accepted the instructions of the court on the subject of the release. Returning, they rendered a verdict 'for the plaintiff, and assess the damages at $25,240.00, of which the railroad is to be reimbursed with

$250.00.' The court, saying he wanted to make the record right, asked the jury if they made a net finding of $24,990, which the foreman said they did. Under the instructions they had received, there was little else that the jury could do, for the court had withdrawn from them the issue as to the validity of the release and consequently had given them no instructions as to the law that should govern the determination of any such question.

"While the trial court assumed a finding of permanency as a basis for his setting aside of the release, after challenge to his assumption as to the nature of the injuries he made every effort to correct the impression, insofar as it affected the issue of damages. But the trial court did not correct or in any way alter his determination that the release was not binding insofar as it rested on the assumption of permanent injury. The Court of Appeals was right in holding that failure to submit this latter question to the jury was reversible error."

The recent federal cases make no distinction in the requirement that, even though the release is merely voidable and not void, a jury issue is presented. Graham v. Atchison, T. & S. F. Ry. Co., 176 F. (2d), 819; Chicago & N. W. Ry. Co. v. Curl, 178 F. (2d), 497.

And the Per Curiam opinion in Brown v. Pennsylvania Rd. Co., 158 F. (2d), 795, as bearing on this question, is as follows:

"The appellant contends that a verdict should have been directed in its favor because of a general release executed by the plaintiff in consideration of the payment to him of $170.40. This sum was the amount of wages lost during the period of time he was incapacitated for work by reason of his injuries. He testified that he signed the document without reading it in full, believing it to be a receipt for lost wages because of representations made by the defendant's claim agent. The latter told a different story. Whether the release was procured by misrepresentation presented an issue involving the credibility of contradictory witnesses which was properly submitted to the jury for decision. See Chesapeake & Ohio R. Co. v. Howard, 178 U. S., 153, 167, 20 S. Ct., 880, 44 L. Ed., 1015; Southern Ry. Co. v. Clark, 6 Cir., 233 F., 900; Miles v. Lavender, 9 Cir., 10 F. [2d], 450; Ricketts v. Pennsylvania R. Co., 2 Cir., 153 F. [2d], 757; Farrington v. Harlem Savings Bank, 280 N. Y. 1, 19 N. E. [2d], 657. There was also testimony that the defendant's doctor had not fully informed the plaintiff of the extent of his injuries. See Banici v. Standard Oil Co., 2 Cir., 103 F. [2d], 437, 439."

We therefore determine that the trial court committed

error prejudicial to the rights of the appellant in entering judgment notwithstanding the verdict. The testimony presented on the issue of validity of the release was not a matter on which reasonable minds could come to but one conclusion.

The trial court was therefore required to present such question to the jury as an issue of fact, which it properly did, and not resolve such issue as a matter of law. It was error to overrule his own action in the submission of the question to the jury by determining the issue of the validity of the release as a matter of law, when considering and granting the motion **non obstante veredicto.**

We order that the cause be remanded to the Common Pleas Court, with instructions to enter judgment upon the verdict for the appellant, Dice.

Judgment accordingly.

STEVENS, PJ, DOYLE, J, concur.