**Homer O. ALLEN, Appellant,**

v.

**ST. LOUIS–SAN FRANCISCO RAILROAD, a Corporation, Respondent.**

**No. 45283.**

Supreme Court of Missouri.

Division No. 2.

Dec. 10, 1956.

Motion for Rehearing or to Transfer to Court en Banc Denied Jan. 14, 1957.

Mortimer A. Rosecan, Irving M. Malnik, St. Louis, for appellant.

James L. Homire, W. W. Dalton, Laurance M. Hyde, Jr., St. Louis, for respondent.

STOCKARD, Commissioner.

Homer O. Allen, plaintiff in the trial court, has appealed from an order dismissing his petition for damages under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., in which he sought to invoke the res ipsa loquitur doctrine, because he refused to comply with an order of the trial court sustaining defendant's motion for a more definite statement.

Respondent has filed a motion in this court to dismiss the appeal for failure of appellant to comply with Supreme Court Rule 1.08, 42 V.A.M.S. Appellant's brief falls short of what is contemplated by the clear and unequivocal language of the above rule. A substantial portion of the "Statement" consists of argument and it is not complete. Appellant has demonstrated that compliance with this rule is neither unreasonable nor difficult because in his reply brief he has corrected substantially the above mentioned deficiencies. However, this is not the function of a

reply brief. Appellant's first "point" is an abstract statement only. The second and last "point" is poorly worded, but it does assign as error the action of the trial court in sustaining defendant's motion for a more definite statement, which, as will be seen, is the real issue in the case. The transcript in this case is short, the principal issue is readily ascertainable, and although little can or should be said in justification of counsels' failure to comply with the clear mandate of Rule 1.08, in a lenient exercise of discretion the motion to dismiss the appeal is overruled.

Paragraphs four and five of the petition are as follows:

"4. That on or about the 7th day of October, 1952, while plaintiff was working within the course of his employment for defendant St. Louis San Francisco Railroad Company near Pierce City, Missouri, he was operating one of defendant's motor cars, and while plaintiff was so operating said motor car of the defendant, and as a direct and proximate result of the negligence and carelessness of the defendant, said motor car was caused to become derailed and to leave said railroad tracks upon which it was traveling and to strike objects, whereby plaintiff was caused to fall and to sustain injuries.

"5. That the right of control of said motor car was in the defendant, and that defendant possesses superior knowledge or means of information as to the cause of the occurrence."

The parties will be designated as in the trial court. Defendant filed a motion for a more definite statement contending that the petition did not aver, and requesting that plaintiff be required to aver, (a) the circumstances which plaintiff asserts constitute negligence on the part of defendant, (b) wherein and in what respect defendant was negligent or careless, (c) how and in what manner the motor car the plaintiff was operating was caused to be derailed and leave the tracks, and (d) wherein and in what respect defendant's knowledge was superior to that of plaintiff. The trial court sustained the motion and ordered that "plaintiff make [the] petition more definite and certain as to the matters set forth in said motion," and when plaintiff failed to comply, the court sustained defendant's motion to dismiss the petition.

 It is apparent that the trial court was of the opinion that the petition discloses that this was not a case for the application of the res ipsa loquitur doctrine. The filing of a motion for a more definite statement is, in effect, a concession that the petition states a claim upon which relief can be granted, Graves v. Dakessian, Mo.Sup., 132 S.W.2d 972, but it is not a concession that the petition discloses a case to which the res ipsa loquitur doctrine is applicable. In fact, the "only proper method of attack on a petition which pleads general negligence in a proper manner is by motion to have same made more specific and definite by setting out the facts showing the negligence; that is, pleading specific negligence." Zichler v. St. Louis Public Service Co., 332 Mo. 902, 59 S.W.2d 654, 658 [8–11]. See also Hall v. St. Louis Public Service Co., Mo.Sup., 266 S.W.2d 597. Therefore, if from the petition it appears that this case is one to which the doctrine of res ipsa loquitur does not apply, the trial court correctly sustained defendant's motion for a more definite statement; otherwise, it should have been overruled.

 In a case brought under the Federal Employers' Liability Act it was stated that the res ipsa loquitur doctrine applies to personal injury actions brought by a servant against his master when: "(1) The accident is of so uncommon a character as to furnish evidence of negligence; (2) the cause of injury cannot be clearly shown by the plaintiff employee and ought to be known to the defendant employers; (3) it does not appear the plaintiff has failed to produce material evidence easily within

his reach; (4) and the offending instrumentality appears to have been under the control and within the superior knowledge of the employer." Whitaker v. Pitcairn, 351 Mo. 848, 174 S.W.2d 163, 166. See also McCloskey v. Koplar, 329 Mo. 527, 46 S.W.2d 557, 92 A.L.R. 641.

■ The derailment of the motor car undoubtedly was an occurrence of so uncommon a character as to furnish evidence of negligence. See Whitaker v. Pitcairn, supra; Nashville, C. & St. L. Ry. Co. v. York, 6 Cir., 127 F.2d 606; Jesionowski v. Boston & Maine R. Co., 329 U.S. 452, 67 S.Ct. 401, 91 L.Ed. 416, 169 A.L.R. 947. The principal question presented is whether, in view of the allegation that plaintiff was operating the motor car at the time of the derailment, the petition does not present a situation to which the res ipsa loquitur doctrine is applicable.

The derailment in this case speaks of negligence either in the operation of the motor car, or in the inspection, maintenance or repair of the motor car or the tracks and roadbed. The petition is not an example of good concise pleading. It does not aver, except possibly by inference, that the accident was not caused by the operation by plaintiff of the instrumentality involved in the accident. For an example where this was done in a case similar to this, see Cantley v. Missouri-Kansas-Texas R. Co., 353 Mo. 605, 183 S.W.2d 123.

In Jesionowski v. Boston & Maine R. Co., supra, a suit brought under the Federal Employers' Liability Act, the petition alleged general negligence, and the evidence disclosed that one of two instrumentalities caused the derailment. One instrumentality was operated by plaintiff, and there was evidence that he was negligent in its operation. The other was not operated by plaintiff and was under the exclusive control of the defendant railroad. The United States Supreme Court, by a divided opinion, held that it was for the jury to determine from the evidence whether the circumstances were such as to justify a finding that the

derailment was a result of the defendant's negligence. That Court stated that to hold otherwise would incorrectly "bar juries from drawing an inference of negligence on account of unusual accidents in all operations where the injured person had himself participated in the operations, even though it was proved that his operations of the things under his control did not cause the accident." [329 U.S. 452, 67 S.Ct. 404.]

The ruling in the Jesionowski case was followed in Schnee v. Southern Pac. Co., 9 Cir., 186 F.2d 745, 748. There the plaintiff, in a suit under the Federal Employers' Liability Act, was the operator of and apparently the sole passenger on, a motor car which was derailed. The defendant contended that the res ipsa loquitur doctrine was not applicable because "the motor car was not within the exclusive control of the defendant." The opinion does not set forth the pleadings, but the evidence established that the plaintiff was operating the motor car and that the cause of the derailment was the striking of a stake by the motor car, and it was a factual issue whether the stake was left on the tracks by other employees of defendant or if it was permitted, by reason of the negligence of plaintiff, to fall from the motor car. The Court there held that plaintiff's testimony if believed would tend to show that no act or neglect of his had anything to do with causing the accident, and further stated: "If the jury believed this testimony then it might infer that the derailing came from some other source. The case of Jesionowski v. Boston & Maine R. Co., 329 U.S. 452, 67 S.Ct. 401, 91 L.Ed. 416, deals with a similar situation which arose under the same Act. Under the authority of that case we hold that the rule of res ipsa loquitur would be applicable to the fact determination which the jury must make if it concludes that the stake which caused the derailment did not fall from the moving car." See Eker v. Pettibone, 7 Cir., 110 F.2d 451; Taylor v. Reading Co., D.C., 83 F.Supp. 804; Cantley v. Missouri-Kansas-Texas R. Co., supra. See also Whitaker

v. Pitcairn, supra [351 Mo. 848, 174 S.W.2d 166], a case under the Federal Employers' Liability Act, wherein it is stated that "The fact that the plaintiff employee was operating or working with the instrumentality docs not of itself necessarily forbid the application of the [res ipsa loquitur] doctrine." In these cases, proof that plaintiff was operating or was working with the instrumentality involved in the accident did not bar the right of plaintiff to proceed under the res ipsa loquitur doctrine when there was evidence that his operation did not cause the accident and there was evidence from which the jury could infer negligence, which was the proximate cause of the accident, in the operation, maintenance or repair of an instrumentality when that operation, maintenance or repair was under the exclusive control of the defendant.

■ The views of the Federal courts, not the state courts, constitute the supreme law on questions arising under the Federal Employers' Liability Act. Chesapeake & O. Railway Co. v. Kuhn, 284 U.S. 44, 52 S.Ct. 45, 76 L.Ed. 157; Cantley v. Missouri-Kansas-Texas R. Co., supra. This court has expressed "some apprehension as to the final scope of the [res ipsa loquitur] doctrine under the Federal authorities," Cantley v. Missouri-Kansas-Texas R. Co., supra [353 Mo. 605, 183 S.W.2d 123, 127], but it is bound by the apparent trend of the governing decisions to extend liberally its application. In view of the above cited Federal cases, we must conclude that the right to invoke the res ipsa loquitur doctrine in a case arising under the Federal Employers' Liability Act is not barred by the averment in the petition of a fact which if proved does not bar the right to proceed under that doctrine.

■ Defendant contends that a motion for a more definite statement is addressed to the sound discretion of the trial court, and that its ruling thereon will not be disturbed provided a sound legal discretion was exercised. With this we agree. See Kansas City Stock Yards Co. v. A. Reich & Sons, Mo., 250 S.W.2d 692. However, in the exercise of that discretion the trial court is not authorized to compel a plaintiff, before the introduction of evidence, to plead specific negligence when he is entitled to proceed, at least as far as is shown by the petition, by alleging general negligence.

■ Defendant also contends that by his answers to interrogatories plaintiff has shown that he knows the cause of the accident. It is true that in his answers to the interrogatories plaintiff stated that the front axle of the motor car was slightly out of line, that a "coupling device" was "defected, used and worn," and that there were "old and badly worn rails at the site of the accident." But he also answered that the cause of the derailment was unknown. Assuming for the purpose of this discussion only, that the trial court could look to plaintiff's answers to the interrogatories for the purpose of determining if plaintiff had knowledge of the cause of the derailment (but we do not rule that the trial court can do this), the answers do not establish that the defects claimed by plaintiff to exist were the cause of the derailment, or that plaintiff claims they were the cause.

■ The trial court erroneously required plaintiff to make his petition definite in the respects set forth in defendant's motion, and therefore it erroneously dismissed the petition because plaintiff refused to comply. However, this does not mean that, in this case upon proper application, the trial court cannot, within a sound exercise of its discretion, require a more definite statement in the petition of an averment, when to do so does not require the abandonment at this stage of the case of the allegation of general negligence. Also, the ruling here made is limited to a consideration of the petition, and does not purport to indicate what

ruling should be made upon a consideration of the evidence in view of the requirements to invoke the res ipsa loquitur doctrine as outlined in Whitaker v. Pitcairn, supra, 351 Mo. 848, 174 S.W.2d 163.

The judgment is reversed and the cause remanded.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

STORCKMAN, J., and JAMES W. BROADDUS, Special Judge, concur.

EAGER, P. J., concurs in separate opinion filed.

LEEDY, J., not sitting.

EAGER, Presiding Judge.

I concur solely because the state courts seem to be bound by the views of the federal courts upon the question involved. Chesapeake & Ohio R. R. Co. v. Kuhn, 284 U.S. 44, 52 S.Ct. 45, 76 L.Ed. 157. To me, this decision emasculates one of the basic elements upon which the res ipsa doctrine is generally stated to be founded, namely, that the instrumentality in question should be strictly under the control (or right of control) of the defendant. 38 Am.Jur., Negligence, § 300, pp. 996–997; 65 C.J.S., Negligence, § 220 (5); Cruce v. Gulf, Mobile & Ohio R. R., 358 Mo. 589, 216 S.W.2d 78; Maybach v. Falstaff Brewing Corp., 359 Mo. 446, 222 S.W.2d 87; Kees v. Canada Dry Ginger Ale, Mo.App., 225 S.W.2d 169; Pandjiris v. Oliver Cadillac Co., 339 Mo. 711, 98 S.W.2d 969. I cannot find here that on the facts alleged, and as a matter of law, the only " ' "fair and reasonable conclusion is that the accident was due to some omission of defendant's duty." ' " Cantley v. Missouri, K. T. R. Co., 353 Mo. 605, 183 S.W.2d 123, 127. The result here is that the jury is permitted to determine whether the res ipsa doctrine applies, by first deciding whether any act of the plaintiff caused the injury or accident; and if it determines that plaintiff was blameless, then it proceeds to decide whether defendant is liable, with the res ipsa presumption operating against it. I cannot reconcile myself to the view that the jury should determine the applicability of this doctrine by any finding which it may make. That would seem to be a pure matter of law on the facts, either as pleaded or as shown by the evidence. This brief opinion is written in the hope that no one may be misled by the result here achieved, at least as to any future case which is or may be governed by Missouri law and decisions.

On Motion for Rehearing or Transfer to Court en Banc.

PER CURIAM.

Defendant contends in his motion for rehearing that the order of the trial court that plaintiff make his petition definite and certain "merely required him to state wherein and in what respect defendant's knowledge was superior to that of the plaintiff (if he [elected] to proceed under the doctrine of res ipsa loquitur), or to state wherein and in what respect defendant was negligent and careless (if he elected to proceed on specific negligence)." If this were true, we would be inclined to agree with defendant that the trial court exercised sound discretion in sustaining the motion. But that is not what the order of the trial court required. The motion of defendant was that the plaintiff be required to aver specifically *each and all* of the four matters therein set out, and the order of the trial court was that the plaintiff make the petition definite and certain as to the matters set forth in said motion. Plaintiff's petition was sufficient to state a cause of

action under the res ipsa loquitur doctrine, which defendant admits in its motion for rehearing. Therefore, plaintiff was improperly required upon penalty of dismissal of his petition to allege specific negligence.

The other matters in the motion for rehearing do not require additional comment. Defendant's motions for rehearing or to transfer to the court en banc are overruled.