J. V. CHRISTIAN, Plaintiff,

v.

SOUTHERN RAILWAY COMPANY, Defendant.

Civ. A. No. 3375.

United States District Court
E. D. South Carolina
Columbia Division.

April 17, 1957.

William E. Chandler, Jr., Columbia, S. C., for plaintiff.

John Gregg McMaster (Tompkins, Tompkins & McMaster), Columbia, S. C., for defendant.

WILLIAMS, District Judge.

The question involved here is the matter of when interest will begin to run on the judgment recovered by the plaintiff. Verdict for the plaintiff was rendered on the 18th day of November, 1952, in the sum of $80,100. Immediately thereafter on November 24, 1952, the defendant moved for judgment n. o. v. or, in the alternative, for a new trial, and the matter was heard on the 26th day of December, 1952, but the order which granted a new trial unless the plaintiff would remit on the verdict the sum of $22,500 was rendered on the 9th day of April, 1953. Thereafter, the court passed an order permitting the plaintiff ten days within which to decide whether to make this remission on the verdict, but it was not until the 11th day of May, 1953, that the actual remission was made and judgment was rendered on that day in the sum of $57,600 with costs. On the 19th day of May, 1953, the amount of the judgment, excluding any interest, was paid into the court.

The contention of the plaintiff is that interest should run on the judgment of $57,600 from the date the verdict was rendered, that is, on November 18, 1952, rather than from April 9, 1953, when the order granting the new trial *nisi* was rendered.

This action having been brought for damages under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., is governed exclusively by the Federal Rules, 28 U.S.C.A., and the Federal Decisions. Briggs v. Pennsylvania Railroad Co., 2 Cir., 164 F.2d 21, 22, 1 A.L.R.2d 475, affirmed 334 U.S. 304, 68 S. Ct. 1039, 92 L.Ed. 1403.

Section 1961, Title 28 U.S.C.A. provides:

"Interest shall be allowed on any money judgment in a civil case re-

covered in a district court. * * * Such interest shall be calculated from the date of the entry of the judgment, at the rate allowed by State law."

In Rule 54(a) of the Rules of Federal Procedure, judgment is defined as "a decree and any order from which an appeal lies." Rule 58 of the Rules of Federal Procedure requires that unless the Court otherwise directs, judgment upon the verdict shall be entered forthwith by the Clerk and when the Court directs that a party recover only money or cost or that all relief be denied, the Clerk shall enter judgment forthwith upon receipt by him of the direction; but when the Court directs entry of judgment for other relief, the Judge shall promptly settle or approve the sum of judgment and direct that it shall be entered by the Clerk.

In Porter v. Sunshine Packing Corporation of Pennsylvania, D.C., 81 F. Supp. 566, it was held that where the jury returned a general verdict, and motion for judgment notwithstanding the verdict was duly filed, entry of judgment on the verdict before passing on the motion of judgment n. o. v. was premature, and it would be set aside.

In Murphy v. Lehigh Valley R. Co., 158 F.2d 481, 485, the Court of Appeals for the Second Circuit said that in the absence of a pending motion to set aside verdict, judgment should have been entered forthwith, but after such motion was made, it had to be decided before judgment could be entered. The verdict was returned on June 15, 1945, and defendant moved to set it aside as excessive. The trial court granted a new trial *nisi* and the verdict was reduced on October 11, 1945. The Court of Appeals, in deciding the question as to the date from which interest would run held that interest should run from October 11, 1945, rather than the date of the verdict, and said:

"On the plaintiff's appeal the judgment should be modified in respect to the allowance of interest. Had there been no pending motion to set aside the verdict judgment could, and should, have been entered forth but [sic] the clerk in accordance with the Rule 58, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. But after the motion was made it had to be decided before any judgment could be entered. The motion was granted conditionally with leave to the plaintiff to file a remittitur. This was done and the court made the judgment order on October 11, 1945. That was when the notation of the judgment in the civil docket should have been made and it became the judgment day. Rule 79(a). Since there was no date previous to October 11, 1945, on which the judgment could have, and should have, been entered it became the date from which interest was allowable. Louisiana & Arkansas R. Co. v. Pratt, 5 Cir., 142 F.2d 847."

In the Briggs case, supra [164 F.2d 22], verdict for the plaintiff was rendered on February 15, 1945, but defendant's motion to dismiss, which had previously been taken under advisement, was granted on April 19, 1945. Judgment for the defendant was then duly entered. The Court of Appeals reversed the judgment and directed that judgment for a definite sum be entered for the plaintiff. The district court thereafter entered judgment with interest from the date of the verdict. Upon appeal by the defendant from the calculation of the interest, the Court of Appeals for the Second Circuit stated that the judgment could not rightfully have been entered until after the defendant's motion was heard and decided saying:

"Some modification of this judgment is required. The relevant federal statute, 28 U.S.C.A. § 811, provides that interest on judgments 'shall be calculated from the date of the judgment, * * *.' The action is based solely upon the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., and, being a suit to enforce liability under a federal

statute, federal law controls. Chesapeake & Ohio Ry. Co. v. Kuhn, 284 U.S. 44, 52 S.Ct. 45, 76 L.Ed. 157; Bailey v. Central Vermont Ry., Inc., 319 U.S. 350, 63 S.Ct. 1062, 87 L.Ed. 1444. The measure of damages is fixed by that law. Chesapeake & Ohio Ry. Co. v. Kelly, 241 U.S. 485, 36 S.Ct. 630, 60 L.Ed. 1117, L.R.A. 1917F, 367. Federal law likewise governs in respect to interest. Murphy v. Lehigh Valley R. Co., 2 Cir., 158 F.2d 481; Louisiana & Arkansas Ry. Co. v. Pratt, supra. Since no judgment could have been entered until the motion pending after verdict had been decided by the trial court, no interest can be allowed between the date of the verdict and May 28, 1945 when that motion was decided and the judgment for the defendant was erroneously entered. Murphy v. Lehigh Valley R. Co., supra."

However, the final paragraph of the court's opinion clearly shows that no interest whatsoever was allowed since its prior mandate was for a definite sum and made no mention of interest. The court further held that the judgment entered must conform to its mandate.

This case was brought before the Supreme Court on a writ of certiorari in order to resolve a conflict between the decisions rendered by the lower court and the Court of Appeals for the Fifth Circuit, in Louisiana & Arkansas Ry. Co. v. Pratt, 142 F.2d 847. In the latter case, the jury rendered a verdict for the plaintiff, but later the court entered a judgment notwithstanding the verdict for the defendant. The Court of Appeals reversed and its mandate reinstated the verdict and provided for interest upon the amount of the verdict from the date of judicial demand in accordance with Louisiana law. On appeal from the entry of the judgment in accordance with the mandate, the Court of Appeals held that state law did not control the interest issue since the cause of action arose under the Federal Employers' Liability Act. It further held that interest should accrue on the amount of the verdict from the day on which judgment for the plaintiff should have been entered. The court concluded that the date of the verdict and the date when the judgment should have been entered were the same in this case.

The Supreme Court in the Briggs case, affirmed the Court of Appeals on the ground that the district court could not enter a judgment which was not in conformity with the Court of Appeals' mandate. The Court refused to pass upon the question of interest. This brought about the dissenting opinion by Justice Rutledge in which three other members of the Court joined.

█ Since the Supreme Court has not expressed itself on the question, I am left to choose the course which I think is proper. In my opinion the case of Murphy v. Lehigh Valley R. Co., supra, expresses the better logic which is deducible from the rules. And as pointed out in The F. & M. Schaefer Brewing Co. v. United States, 2 Cir., 236 F.2d 889, at page 891:

"* * * these rules contemplate some decisive and complete act of adjudication by the district judge; when this is done, and notation thereof made in the civil docket, the judgment is complete without other formal documents which, if filed, are ineffective to delay the judgment or extend the time of appeal. [Citing cases.] The history of F.R. 58 and its amendments, designed to strengthen it, as stated in the footnote, demonstrate that this was the intent of the rule. * * *".

For the foregoing reasons, it is

Ordered that the plaintiff recover from the defendant interest on the judgment of $57,600 from April 9, 1953, to May 19, 1953, at the rate of six per cent per annum.