# Richmond

COMMONWEALTH OF VIRGINIA v. RICHARD STANLEY HOLLAND AND
A. WRENN AND SONS, INC.

January 18, 1971.

Record No. 7259.

Present, Snead, C.J., I'Anson, Gordon, Cochran and Harman, JJ.

*Andre Evans, Attorney for the Commonwealth,* for plaintiff in error.

*Wayne Lustig* (*Campbell, Lustig & Hancock,* on brief), for defendant in error.

(*Andrew P. Miller, Attorney General; Anthony F. Troy, Assistant Attorney General; William T. Lehner, Assistant Attorney General,* on brief on behalf of the Attorney General of Virginia, *amicus curiae*).

COCHRAN, J., delivered the opinion of the court.

The Commonwealth's Attorney for the City of Virginia Beach instituted this action in the name of the Commonwealth against Richard Stanley Holland and A. Wrenn and Sons, Incorporated, a Virginia corporation.

It was alleged in the motion for judgment that a forfeiture in the sum of $215,479.44 was payable to the Commonwealth under the provisions of § 15.1-73 of the Code of Virginia of 1950, as amended, for amounts paid under void contracts by the City of Virginia Beach to A. Wrenn and Sons, Incorporated, between January 1, 1963 and May 20, 1968, during which period Holland was President, Treasurer and a director of A. Wrenn and Sons, Incorporated, and was also a member of the Police and Trial Board of the City of Virginia Beach.

Both defendants interposed demurrers and subsequently, on motion of the Commonwealth, filed their Grounds of Demurrer. The material ground, insofar as this appeal is concerned, is that the Commonwealth's Attorney was without authority to institute the action. By order entered January 8, 1969, the demurrers were sustained and the motion for judgment was dismissed without prejudice, the trial court being of the opinion that exclusive authority to institute an action to enforce the conflict of interests statute then in effect (Code § 15.1-73) was vested in the Comptroller under Code §§ 8-758 and 8-761. From this final order we granted the Commonwealth a writ of error.

The Commonwealth contends that there is a distinction between a debt and a forfeiture and that, while Code §§ 8-758 and 8-761 empower the Comptroller to collect all debts payable to the Commonwealth, Code § 15.1-73 provides for a forfeiture. Arguing that the money here sought is a forfeiture rather than a debt, the Commonwealth asserts that it is the responsibility of the Commonwealth's Attorney to collect it.

Such a contention is without merit. While Code § 15.1-73 speaks of forfeiture, it does not indicate who is to institute the action. Code § 8-758, on the other hand, provides that "[t]he Comptroller *shall institute and prosecute* all proceedings proper to enforce *payment of money* to the Commonwealth." (emphasis added). And by Code § 8-761 the Comptroller may proceed under Code § 8-758 "against any person *indebted or liable to the Commonwealth* in any way whatever . . . ." (emphasis added). The broad language of these sections covers a forfeiture, which contemplates both liability and payment of money to the Commonwealth.

It is well settled that the common law continues in force in Virginia except as altered by statute. Code § 1-10; *Midkiff* v. *Midkiff*, 201 Va. 829, 831, 113 S. E. 2d 875, 876 (1960); *Brown* v. *Brown*, 183 Va. 353, 355, 32 S. E. 2d 79, 80 (1944); *Commonwealth* v. *McCue's Ex'rs.*, 109 Va. 302, 306, 63 S. E. 1066, 1068 (1909). Here, it has been so altered. Hence, the Commonwealth's Attorney's common law power is irrelevant as is the nature of the action, whether criminal, quasi-criminal or civil, since the Comptroller has been granted exclusive authority under Code §§ 8-758 and 8-761 to institute proceedings to collect money payable under Code § 15.1-73.

In *Commonwealth* v. *McCue's Ex'rs.*, *supra*, the Commonwealth's Attorney of the City of Charlottesville undertook to file a claim in a pending chancery cause to collect costs payable to the Commonwealth which were incurred in a criminal prosecution. After the claim had been rejected, it was reasserted by the Auditor of Public Accounts (now Comptroller) of the Commonwealth. We held that he had exclusive authority to collect this indebtedness, that the claim could not be presented without the consent of the Commonwealth and that the only officer who had the right to consent was the Auditor of Public Accounts.

Following the *McCue* decision the General Assembly enacted legislation which transferred exclusive authority from the Auditor of Public Accounts to Commonwealth's Attorneys to institute proceedings to collect fines, costs and forfeitures which have been imposed by the courts. Code §§ 19.1-341.1 and 19.1-341.2. But there was no statutory transfer of authority to Commonwealth's Attorneys to bring actions to collect moneys payable to the Commonwealth under the conflict of interests statute (Code § 15.1-73).

There is no merit in the Commonwealth's contention that the Comptroller has neither the means nor the legal expertise to institute forfeiture proceedings under Code § 15.1-73 and that Commonwealth's Attorneys are better qualified to redress the kind of public wrong therein defined. This argument is better directed to the wisdom and sound discretion of the legislature for action and doubtless this was done before the statute was recently rewritten.

The new Virginia Conflict of Interests Act, making provision for collection of forfeitures, was enacted after this action was instituted. Acts 1970, chapter 463, Code §§ 2.1-347-2.1-358 (cumulative Supp. 1970). By the express terms of the Act exclusive authority to enforce its provisions as to violations by those serving at the local level of government is vested in the Commonwealth's Attorneys.

We agree with the lower court that under Code § 15.1-73 only the Comptroller could initiate the present action in the name of the Commonwealth.

*Affirmed.*