COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Humphreys
Argued at Richmond, Virginia


MUGUET S. MARTIN

                                      MEMORANDUM OPINION* BY
v.    Record No. 2740-01-2       JUDGE JERE M. H. WILLIS, JR.
                                          JUNE 18, 2002
CHRISTOPHER MARTIN


                FROM THE CIRCUIT COURT OF HENRICO COUNTY
                     Catherine C. Hammond, Judge

          Neil Kuchinsky (Kuchinsky & Yeamans, P.C., on
          brief), for appellant.

          Andrew W. Wood (Law Office of Wood & Wood,
          P.C., on brief), for appellee.


     Muguet Martin contends on appeal that the trial court erred

in striking her evidence and denying her petition for a permanent

protective order, pursuant to Code § 16.1-279.1.  For the

following reasons, we affirm the judgment of the trial court.

     Code § 16.1-279.1 provides that a protective order may be

issued in cases of family abuse.  Family abuse is defined as

"any act involving violence, force or threat including any

forceful detention, which results in physical injury or places

one in reasonable apprehension of serious bodily injury and

which is committed by a person against such person's family or

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

household member."  Code § 16.1-228.  A family or household member includes children and a former spouse.  Id.

## I.  BACKGROUND

Muguet and Christopher Martin were divorced on January 22, 1999.  Mr. Martin was awarded custody of their three-year-old son.

On or about April 23, 2001, Mr. Martin was convicted in the Louisa County Juvenile and Domestic Relations District Court of cursing and abusing Ms. Martin by calling her a "f---ing whore." On May 13, 2001, Ms. Martin picked up their son for visitation. The boy presented her with a music compact disc ("CD") as a Mother's Day gift.  The CD had three songs "burned" on it.[1]

The jewel case in which the CD was stored bore the handwritten words "Happy Mother's Day Zack."  On the disc were the names of three songs, "Two Steps Behind," "Hemorrhage," and "A Song for Mamma."  Ms. Martin testified that the handwriting on the jewel case and the CD, with the exception of the name "Zack," appeared to be Mr. Martin's.

The lyrics of the two songs in question were as follows:

### Hemmorage

> Memories are just where you need them . . .
> Drag the waters,
> till the depths give up their dead
> What did you expect to find?
> Was it something you left behind . . .

---

[1] "Burning" a CD is a method of recording music from a compact disc or the internet to a recordable CD.  "Burning" a CD is similar to copying an audio tape.

-

Don't you remember anything I said when I said
To fall away, leave me to myself
To fall away, an leave love bleedin' in my hands,
in my hands again
Leave love bleedin' in my hands,
in my hands, love lies bleedin'
I hold it now, I feel the dangers,
am I the only place that you've left to go?
She cries that life is like,
some movie in black and white,
dead actors, naked lies
Over and over and over again she cries . . . .
To fall away, leave me to myself
To fall away, leave love bleedin' in my hands,
in my hands again
Leave love bleedin' in my hands,
in my hands, love lies bleedin'
And I wanted . . . you turn away,
you don't remember . . . but I do
You never even tried . . .
To fall away, leave me to myself
To fall away, leave love bleedin'
in my hands, in my hands again
Leave love bleedin' in my hands
in my hands again
Leave love bleedin' in my hands,
in my hands again . . . . Ohhhooohhhoohhhhhhohhh
Ohhhooohhhoohhhhhhohhh . . . . . .

## Two Steps Behind

Walk away if you want to.
It's OK, if you need to.
Well, you can run, but you can never hide
from the shadow that's creepin up beside you.

And there's a magic running through your soul,
But you can't have it all.
(Whatever you do)
Well, I'll be two steps behind you
(Wherever you go)
And I'll be there to remind you
that it only takes a minute of your precious time
to turn around and I'll be two steps behind.

Yeah, yeah.
Take the time to think about it.
Just walk the line, you know you just can't fight it

-

And take a look around, you'll see what you can't find,
Like the fire that's burnin' up inside me.

Yeah, yeah.
Oh.
Yeah, baby.
Two steps behind
Oh, sugar,
Two steps behind.

Ms. Martin interpreted the lyrics of "Two Steps Behind" and "Hemorrhage" to be a threat from Mr. Martin.  At trial, she described her fear:

Q:  [Ms. Martin's attorney]:  Was there something about the words when you listened to the CD your son handed you that disturb you?

A:  [Ms. Martin]:  Um, yes.

Q:  What was disturbing about the lyrics?

  *     *     *     *     *     *     *

A:  Um, it bothered me because the music itself is not something that I have known Zachary to listen to.  And listening to the words, to me, it seemed like a message that my ex-husband was given [sic] to me.

He had recently remarried, and I felt safe going out, and I started doing so.  Getting this was clearly a message that I'm still not supposed to have a life or that I'm still supposed to be fearful of him that he's still going to be there.

Q:  So far as the song, Hemorrhage, were there particular words in there that caused you bother?

A:  Um, particularly so where it says, "don't you remember anything I said?  When I said to fall away, leave me to myself to fall away and leave love bleeding in my hands.  In my hands again.  Leave love

-

bleeding in my hands.  In my hands love lies bleeding."  I just -- It bothered me.

Q:  To what extent, if any, were you made fearful of these songs?

A:  I mean, listening to somebody describing love in someone else's hands, and bleeding, and everything -- I mean, that's not a romantic song . . . .

Q:  What about the song referencing dragging the lake?

A:  Again, that's where you're bringing up something that's dead or that can't be found or something.  It's just --

Q:  To what extent, if any, do you believe that was making reference to you?

 *      *      *      *      *      *      *

A:  I felt that he was still threatening me. That he still believes that I belong to him. It doesn't matter that he has gone on with his life, and that if he wanted to, he could get rid of me and throw me in a lake or something.  I mean, that was the extent of our marriage and our separation and everything.

Perceiving the songs as a threat, Ms. Martin obtained on June 1, 2001, from the Henrico County Juvenile and Domestic Relations District Court, a preliminary protective order for family abuse.  The order prohibited Mr. Martin from contact with Ms. Martin and their son.  On June 4, 2001, Mr. Martin moved to amend the preliminary protective order because he had custody of the son.  A new preliminary protective order was issued, removing the Martins' son from the scope of the order.

-

On June 29, 2001, the juvenile and domestic relations district court dissolved the protective order and denied Ms. Martin's motion for a "permanent" protective order. Ms. Martin appealed to the trial court. A de novo trial was held on September 10, 2001. The trial court took evidence and listened to the CD. It sustained Mr. Martin's motion to strike the evidence and denied Ms. Martin's petition for a protective order. She appeals that judgment.

## II.  ANALYSIS

"On appeal, we view the evidence and all reasonable inferences therefrom in the light most favorable to the prevailing party below." Reece v. Reece, 22 Va. App. 368, 372, 470 S.E.2d 148, 151 (1996). A factual finding by the trial court will not be disturbed on appeal unless it is plainly wrong or unsupported by the evidence. Naulty v. Commonwealth, 2 Va. App. 523, 527, 346 S.E.2d 540, 542 (1986).

Ms. Martin contends that because she reasonably feared for her safety based on the threatening nature of lyrics of the songs "burned" on the CD, the trial court erred in striking her evidence and denying her motion for a protective order. Under Code § 16.1-279.1, reasonable apprehension of serious bodily injury is an objective standard, requiring a factual determination by the court. The trial court found that this standard was not met.

-

Through her son, Ms. Martin received from Mr. Martin a CD containing three songs.  She perceived two of the songs to be a threat.  At trial, she described what disturbed her about the CD.  She stated:

> I felt that he was still threatening me.
> That he still believes that I belong to him.
> It doesn't matter that he has gone on with
> his life, and that <u>if he wanted to</u>, he could
> get rid of me and throw me in a lake or
> something.

(Emphasis added.)

She described no reasonable fear of immediate, serious bodily harm.  Thus, the trial court held that, taken as a whole, the evidence did not prove an actual threat or that Mr. Martin's conduct was abuse within the meaning of the statute.  The evidence supports that finding.

The trial judge observed the parties and was familiar with the general circumstances of the case.  This circumstance underlies the accepted standard of review and requires that we uphold the trial court's decision.  <u>Cudjoe v. Commonwealth</u>, 23 Va. App. 193, 201, 475 S.E.2d 821, 825 (1996).  The judgment of the trial court is affirmed.

<u>Affirmed.</u>