Present:  All the Justices

SCOTT A. ROBERTS

OPINION BY
v.    Record No. 090194          JUSTICE CYNTHIA D. KINSER
                                  January 15, 2010
CSX TRANSPORTATION, INC.

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Clarence N. Jenkins, Jr., Judge

This appeal arises out of an action brought under the
Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60
(2006 & Supp. I 2007), in which Scott Allen Roberts alleged
that he suffered personal injury while working for CSX
Transportation, Inc. (CSX).  Following a two-day trial, a jury
found that although Roberts sustained $280,000 in damages, he
was ninety-five percent at fault for his injuries, and CSX was
five percent at fault.  In accordance with the jury verdict,
the circuit court entered judgment in favor of Roberts in the
amount of $14,000.00, plus interest and costs.  Because the
circuit court failed to strike for cause a potential juror who
was a stockholder in CSX and thereby forced Roberts to use a
peremptory challenge to remove that juror from the jury panel,
we will reverse the circuit court's judgment.

I.  MATERIAL FACTS AND PROCEEDINGS

Although Roberts prevailed at trial, he appeals from the
circuit court's judgment, presenting two assignments of error
both of which deal exclusively with objections raised during

voir dire of the venire. The details of the evidence adduced at trial are not pertinent to the dispositive issue before us; therefore, we will recite only those facts relevant to that issue.

During the circuit court's voir dire of the venire regarding matters that might reveal a prospective juror's prejudice or bias, a potential juror, identified as Donald Kemp, stated that he had been a shareholder of CSX for "[p]robably 30 years." The court asked Kemp whether "being a stockholder with the corporation [would] have a bearing on [his] ability to be fair and impartial" and whether he "actively participate[d] in annual meetings." As to both questions, Kemp responded, "No."

Roberts moved that Kemp "be stricken for cause" because of his status as a long-time shareholder of CSX. CSX, however, urged the circuit court not to strike Kemp for cause, arguing that "he answered . . . fairly quick[ly] and fairly candidly" that he could be fair and impartial. The circuit court overruled Roberts' motion, finding that Kemp "did answer very adamantly that he had no problems with being able to listen to facts and make a fair and impartial decision." Roberts later used one of his peremptory strikes to remove Kemp from the jury panel.

After trial, Roberts moved for a new trial on the ground, inter alia, that "the trial court's failure to strike juror Donald Kemp for cause . . . is per se reversible error."  The circuit court denied the motion and entered judgment in accordance with the jury verdict.  This appeal ensued.  In the dispositive assignment of error, Roberts claims that the circuit court "erred by failing to strike prospective juror, Donald Kemp, for cause as a 30-year stockholder in defendant CSX."

## II.  ANALYSIS

On appellate review, this Court gives deference to a trial court's decision whether to exclude a potential juror for cause.  Green v. Commonwealth, 262 Va. 105, 115, 546 S.E.2d 446, 451 (2001).  We defer " '[b]ecause the trial judge has the opportunity, which we lack, to observe and evaluate the apparent sincerity, conscientiousness, intelligence, and demeanor of prospective jurors first hand,' " Juniper v. Commonwealth, 271 Va. 362, 400, 626 S.E.2d 383, 408 (2006) (citation omitted), and "'to determine whether a prospective juror's responses during voir dire indicate that the juror would be prevented from or impaired in performing the duties of a juror,' " Townsend v. Commonwealth, 270 Va. 325, 329, 619 S.E.2d 71, 73 (2005) (citation omitted).  Thus, "a trial court's denial of a motion to strike a juror for cause 'will

3

not be disturbed on appeal unless there has been manifest error amounting to an abuse of discretion.' " Id. at 329-30, 619 S.E.2d at 73 (quoting Barrett v. Commonwealth, 262 Va. 823, 826, 553 S.E.2d 731, 732 (2001)); accord Cantrell v. Crews, 259 Va. 47, 50, 523 S.E.2d 502, 504 (2000).

"Parties to litigation are entitled to a fair and impartial trial by a jury of persons who 'stand indifferent in the cause.' 'The right to a fair and impartial trial in a civil case is as fundamental as it is in a criminal case.' " Cantrell, 259 Va. at 50, 523 S.E.2d at 503 (quoting Temple v. Moses, 175 Va. 320, 336, 8 S.E.2d 262, 268 (1940)) (internal citation omitted). To safeguard jury impartiality, the General Assembly has provided that "if it shall appear to the court that the juror does not stand indifferent in the cause, another shall be drawn or called and placed in his stead for the trial of that case." Code § 8.01-358. Thus, "[i]t is the duty of the trial court, through the legal machinery provided for that purpose, to procure an impartial jury to try every case." Salina v. Commonwealth, 217 Va. 92, 93, 225 S.E.2d 199, 200 (1976) (citing Slade v. Commonwealth, 155 Va. 1099, 1106, 156 S.E. 388, 391 (1931)).

A trial court must excuse for cause a potential juror who " 'has any interest in the cause, or is related to either party, or has expressed or formed any opinion, or is sensible

4

of any bias or prejudice' " regarding the action. <u>Spangler v. Ashwell</u>, 116 Va. 992, 996-97, 83 S.E. 930, 931 (1914) (citation omitted). Although this Court generally disfavors per se rules of juror disqualification "by reason of [the juror's] status alone," we have nevertheless established "limited categories" of per se disqualification. <u>Townsend</u>, 270 Va. at 331, 619 S.E.2d at 74 (citing examples of per se disqualification). One such category establishes "[t]hat a stockholder in a company which is party to a lawsuit is incompetent to sit as a juror" because such a person "could [not] be said to stand indifferent in the cause." <u>Salina</u>, 217 Va. at 93-94, 225 S.E.2d at 200-201; <u>see</u> <u>Breeden v. Commonwealth</u>, 217 Va. 297, 298, 227 S.E.2d 734, 735 (1976) (explaining <u>Salina</u>); <u>accord</u> <u>Gladhill v. General Motors Corp.</u>, 743 F.2d 1049, 1050 (4th Cir. 1984) (" 'That a stockholder in a company which is party to a lawsuit is incompetent to sit as a juror is so well settled as to be black letter law.' ") (quoting <u>Chestnut v. Ford Motor Co.</u>, 445 F.2d 967, 971 (4th Cir. 1971)); <u>Getter v. Wal-Mart Stores, Inc.</u>, 66 F.3d 1119, 1122 (10th Cir. 1995) (a trial court must presume bias when a prospective juror is a stockholder in a corporation that is a party to the action). And, it is immaterial whether a juror, who directly owns stock in a company that is a party to the

5

lawsuit, is called to sit in a civil or criminal case; the per se disqualification remains.

In the criminal context, it is well-settled that a trial court commits "prejudicial error" if it "force[s] a defendant to use peremptory strikes to exclude a venire[person] from the jury panel if that person is not free from exception." Townsend, 270 Va. at 329, 619 S.E.2d at 73; accord Justus v. Commonwealth, 220 Va. 971, 975, 266 S.E.2d 87, 90 (1980); Breeden, 217 Va. at 300, 227 S.E.2d at 737; Dowdy v. Commonwealth, 50 Va. (9 Gratt.) 727, 737 (1852). We explained in Breeden that a defendant's use of a peremptory strike to remove a juror who is not free from exception was not harmless error because a defendant "has a right to an impartial jury drawn from 'a panel [of twenty] free from exceptions.' "  217 Va. at 300, 227 S.E.2d at 736-37 (quoting former Code § 8-208.19 (Cum. Supp. 1976), now Code § 8.01-357). Today, we hold that it is likewise prejudicial error in the civil context when a trial court forces a party to use a peremptory strike afforded under Code § 8.01-359 to remove a venireperson who is not "free from exception" and should have been struck for cause. See Reff-Conlin's Inc. v. Fireman's Fund Ins. Co., 45 P.3d 863, 866-67 (Mont. 2002) (prejudice as a matter of law results when a party is forced to use a peremptory challenge to remove a prospective juror who should have been excused for

cause); Kusek v. Burlington N. R.R. Co., 552 N.W.2d 778, 783-84 (Neb. Ct. App. 1996) (finding prejudicial error when a trial court refused to strike an ineligible venireperson, thereby forcing the challenging party to exercise a peremptory strike to remove the juror).  But see Bethea v. Springhill Mem'l Hosp., 833 So.2d 1, 4-7 (Ala. 2002) (applying a harmless error analysis to determine whether the failure to strike a venireperson for cause was erroneous when the challenged venireperson was peremptorily struck); State v. Hickman, 68 P.3d 418, 419, 424 (Ariz. 2003) (same).  The statutory right to have an impartial jury drawn from a "panel free from exceptions," Code § 8.01-357, is no less fundamental in a civil case than in a criminal case.  See Cantrell, 259 Va. at 50, 523 S.E.2d at 503.  In either instance, "a litigant is denied an opportunity to act on his or her intuitions and subjective feelings about venirepersons by having to prematurely exhaust his or her peremptory challenges to rid the panel of those who should have been struck as ineligible for implied bias."  Kusek, 552 N.W.2d at 783-84.

Prospective juror Kemp directly owned stock in defendant CSX, thus rendering him not "indifferent in the cause" as a matter of law.  See Salina, 217 Va. at 94, 225 S.E.2d at 201.  That he sincerely maintained he could faithfully and impartially perform his duties as a juror is without import.

7

A venireperson who cannot stand indifferent in the cause must be stricken despite any insistence as to impartiality, for "however willing [the juror might] be to trust himself, the law will not trust him."  Armistead v. Commonwealth, 38 Va. (11 Leigh) 688, 695 (1841) (citing Osiander v. Commonwealth, 30 Va. (3 Leigh) 780 (1831)); accord Barrett, 262 Va. at 825-27, 553 S.E.2d at 732-33; Justus, 220 Va. at 977-78, 266 S.E.2d at 91-92; Dejarnette v. Commonwealth, 75 Va. 867, 872-73 (1881); see also Gladhill, 743 F.2d at 1050 (If a "juror is legally disqualified from acting, the juror's analysis of his subjective qualifications is beside the point.").  Thus, the circuit court's refusal to strike Kemp for cause was "manifest error amounting to an abuse of discretion."  Townsend, 270 Va. at 330, 619 S.E.2d at 73.  Roberts' use of a peremptory strike to remove Kemp from the jury panel did not render that error harmless because Roberts was entitled, as a matter of law, to have a panel free from exception upon which to exercise his peremptory strikes.[1]  See Code §§ 8.01-357 and -359.

---

[1] In Cudjoe v. Commonwealth, 23 Va. App. 193, 475 S.E.2d 821 (1996), the Court of Appeals held that the General Assembly, by enacting Code § 8.01-678, "abrogated the common law remedy of automatic reversal for the impairment of a criminal defendant's exercise of peremptory strikes and replaced it with the harmless error standard of review."  Id. at 204, 475 S.E.2d at 826.  But see Winston v. Commonwealth, 32 Va. App. 864, 869-71, 531 S.E.2d 59, 61-62 (2000) (following the holding in Breeden that use of a peremptory strike to remove a juror who should have been struck for cause

Our analysis does not end here. CSX contends that resolution of the issue before us is not governed by the Virginia rule that it is prejudicial error for a trial court to force a party to use a peremptory strike to remove a venireperson from the jury panel who is not free from exception. Instead, CSX insists that federal law governs because application of the Virginia rule would be "outcome determinative": "if federal law is applied, CSX[] is not at hazard of another trial whereas if [the Virginia rule] is applied, CSX[] must submit to another trial."

CSX correctly notes that under federal law, the use of a peremptory strike to remove a juror who should have been excluded for cause, thereby effectively reducing the number of peremptory challenges afforded to a party, does not violate the constitutional right to an impartial jury. Ross v. Oklahoma, 487 U.S. 81, 88 (1988). Peremptory challenges are only "a means to achieve the end of an impartial jury"; "[s]o long as the jury that sits is impartial, . . . that the

---

was not harmless error). To the extent the holding in Cudjoe is not in accord with our decision today, it is overruled.

We note, however, that in a claim for ineffective assistance of counsel, loss of a peremptory challenge is not a "structural error," thus a showing of prejudice under Strickland v. Washington, 466 U.S. 668, 687 (1984) is required. Morrisette v. Warden, 270 Va. 188, 192-93, 613 S.E.2d 551, 556-57 (2005).

defendant had to use a peremptory challenge to achieve that result does not [violate] the Sixth Amendment."  Id. Moreover, "a defendant's exercise of peremptory challenges pursuant to [Fed. R. Crim. Proc.] 24(b) is not denied or impaired when the defendant chooses to use a peremptory challenge to remove a juror who should have been excused for cause."  United States v. Martinez-Salazar, 528 U.S. 304, 317 (2000).  In that situation, the defendant has been afforded "all he is entitled to under the Rule" and his decision to use the peremptory strike does not result in the "los[s of] a peremptory challenge[, but r]ather [its use] in line with a principal reason for peremptories: to help secure the constitutional guarantee of trial by an impartial jury."  Id. at 315-16.

The Supreme Court of the United States has also held that "mistaken denial of a state-provided peremptory challenge" does not require automatic reversal as a matter of federal law but is a matter for the State to determine under its laws. Rivera v. Illinois, 556 U.S. ___, ___, 129 S.Ct. 1446, 1455-56 (2009).  The Supreme Court recognized:

> States are free to decide, as a matter of state law, that a trial court's mistaken denial of a peremptory challenge is reversible error per se.  Or they may conclude . . . that the improper seating of a competent and unbiased juror[, though] error[,] could rank as harmless under state law.

10

*Id.* at ___, 129 S.Ct. at 1456.  Thus, whether a second trial of Roberts' FELA claim is required depends on whether state or federal law governs resolution of the issue before us.

FELA actions brought in state court are "subject to state procedural rules, but the substantive law governing them is federal."  St. Louis Sw. Ry. Co. v. Dickerson, 470 U.S. 409, 411 (1985); see Chesapeake & Ohio Ry. Co. v. Kuhn, 284 U.S. 44, 46-47 (1931) ("[I]n proceedings under [FELA], wherever brought, the rights and obligations of the parties depend upon . . . applicable principles of common law as interpreted and applied in the federal courts.") (emphasis added); Norfolk S. Ry. v. Rogers, 270 Va. 468, 479-80, 621 S.E.2d 59, 65-66 (2005) ("In FELA cases, Virginia law governs the admissibility of expert testimony" but "[t]he question whether an employer was negligent . . . is a question of federal law.").  "State laws are not controlling in determining what the incidents of this federal right [under FELA] shall be."  Dice v. Akron, Canton & Youngstown R.R. Co., 342 U.S. 359, 361 (1952).

While distinguishing "substance" from "procedure" is often difficult, see Brown v. Western Ry. of Ala., 338 U.S. 294, 296 (1949), issues found to be substantive, i.e., to affect the "rights and obligations" of the parties, and thus governed by federal law, include those involving whether a complaint was legally sufficient to state a cause of action

11

under FELA, id. at 296; whether a plaintiff is entitled to a jury trial on a question of fact under FELA, Dice, 342 U.S. at 363; which defenses apply to a FELA claim, Kuhn, 284 U.S. at 46-47; whether a jury instruction "concerning the measure of damages in an FELA action" must be given, Dickerson, 470 U.S. at 411; whether a jury may be presented with evidence of remuneration from third-parties, Eichel v. New York Cent. R.R. Co., 375 U.S. 253, 254-56 (1963); whether an award of pre-judgment interest may be granted, Monessen Sw. Ry. Co. v. Morgan, 486 U.S. 330, 335-36 (1988); and whether there was sufficient evidence to submit a case to a jury and to support its verdict, Lavender v. Kurn, 327 U.S. 645, 652-53 (1946). As the Supreme Court noted in Dice, federal law is controlling when "employees['] right to recover just compensation for injuries negligently inflicted by their employer" would "be defeated if states were permitted" to apply their rules, or those rules are "wholly incongruous" with that purpose and would undermine the "uniform application [of FELA] essential to effectuate its purposes"; or when the state's rule does not apply uniformly to all similar claims brought in state court. Dice, 342 U.S. at 361-63.

Rather than addressing the procedural/substantive dichotomy, CSX urges the Court to utilize an "outcome determinative" test and claims that application of the

12

Virginia rule in this case is "outcome determinative" because a new trial would be required in this case.  Citing, inter alia, Illinois Cent. Gulf R.R. Co. v. Price, 539 So.2d 202 (Ala. 1988), and Lerner v. Karageorgis Lines, Inc., 488 N.E.2d 824 (N.Y. 1985), CSX contends that a state cannot apply its procedural rules when doing so would " 'significantly affect the result of the litigation, i.e., would be outcome determinative.' "[2]  Lerner, 488 N.E.2d at 826 (citation omitted).

In Johnson v. Fankell, 520 U.S. 911 (1997), an analogous case to the present one although it involved a § 1983 claim, the Supreme Court considered "whether defendants in an action brought under . . . 42 U.S.C. § 1983[] in state court have a federal right to an interlocutory appeal from a denial of qualified immunity."  Id. at 913.  The state court had ruled that the denial of a motion for summary judgment was not appealable under the state's rules because it was not a final order or judgment.  Id. at 914.  The Supreme Court held that the state's "decision not to provide appellate review for the vast majority of interlocutory orders – including denial of

---

[2] Referencing both the substantive/procedural distinction and the outcome determinative test, the Alabama Supreme Court concluded that a FELA claim brought in an Alabama court was subject to a state rule of repose, thereby barring recovery in that case.  Price, 539 So.2d at 205-07.  The decision lends no support to CSX.

13

qualified immunity in § 1983 cases – is not 'outcome determinative' in the sense that [the Court] used that term" in Felder v. Casey, 487 U.S. 131, 153 (1988). Johnson, 520 U.S. at 920. The Court explained that a state procedural rule is outcome determinative only if it controls "the ultimate disposition of the case." Id. at 921. Because application of the state procedural rule at issue there would not "produce a final result different from what a federal ruling would produce" but only postpone the timing of an appeal, the Supreme Court concluded that the state procedural rule was not pre-empted. Id. at 921-23.

Assuming without deciding that the outcome determinative test is appropriate to use in the case before us, application of the Virginia rule is not outcome determinative. Reversing the circuit court's judgment and remanding for a new trial will not control "the ultimate disposition" of Roberts' FELA claim against CSX, id. at 921, affect the measure of damages he may recover, determine what defenses apply, burden his efforts to obtain a remedy for his injury, or frustrate Congress' "remedial" and "humane" purposes in enacting FELA, Burnett v. New York Cent. R.R. Co., 380 U.S. 424, 427-28 (1965). Contrary to CSX's suggestion, whether CSX is "at hazard" for another trial is not the appropriate inquiry. Nor will applying the Virginia rule affect the "rights and

14

obligations of the parties" under the procedural/substantive rubric.  Kuhn, 284 U.S. at 46.  Instead, it will extend to a litigant presenting a FELA claim in a Virginia court the statutory rights the General Assembly has afforded to all parties in jury trials, whether civil or criminal, i.e., a jury panel free from exception to which a party may then direct its full complement of peremptory strikes.  We therefore hold that the Virginia rule governs the disposition of Roberts' claim that the circuit court "erred by failing to strike prospective juror, Donald Kemp, for cause."  See Southern Ry. Co. v. Minor, 395 S.E.2d 845, 847 (Ga. Ct. App. 1990) (evaluating under state law whether a trial court erred in striking a juror for cause in a FELA action); Auer v. Burlington N. R.R. Co., 428 N.W.2d 152, 159-61 (Neb. 1988) (same); Houghton v. Port Terminal R.R. Ass'n, 999 S.W.2d 39, 45-47 (Tex. Ct. App. 1999) (same).

### III.  CONCLUSION

For these reasons, we will reverse the circuit court's judgment and remand the case for a new trial.[3]

Reversed and remanded.

---

[3] In light of our decision, it is not necessary to address Roberts' remaining assignment of error.

15